UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GLORIA SWAIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FIRST FRANKLIN FINANCIAL, a foreign ) <br> company, GENERAL ELECTRIC CAPITAL ) <br> CORPORATION, a foreign company d/b/a GE ) <br> Money, DURHAM & DURHAM, a foreign limited ) <br> liability partnership, CBS COLLECTION, a ) <br> domestic company, I.C. SYSTEMS, a foreign ) <br> company, and EQUIFAX INFORMATION ) <br> SERVICES, LLC, a foreign limited liability ) <br> corporation, ) <br> ) <br> Defendants. ) | Civil Action No.: _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, by and through the undersigned attorney, and would show unto this Court as follows:

### PRELIMINARY STATEMENT

1.  This petition is an action for statutory and actual damages, including injunctive and declaratory relief, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (hereinafter referred to as "FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "FCRA").

2.  In addition, this petition seeks actual, compensatory, statutory, and/or punitive damages

under Alabama state law and the Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-1, *et seq.* (hereinafter referred to as "ADTPA"), pursuant to this Court's pendent and supplemental jurisdiction.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Defendants' violations of Plaintiff's rights, as alleged herein, occurred in Talladega County, Alabama, and were committed within the Eastern Division of the Northern District of Alabama.

## PARTIES

5. Plaintiff is a natural person and a resident and citizen of Talladega County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975 § 8-19-3(2).

6. Defendant FIRST FRANKLIN FINANCIAL (hereinafter referred to as "FIRST FRANKLIN" or "Defendant") is a foreign company, a better denomination of which is unknown to Plaintiff at the present time, engaged in the business of furnishing consumers with credit in the State of Alabama.

7. Defendant GENERAL ELECTRIC CAPITAL CORPORATION d/b/a GE Money or GE Money Bank (hereinafter referred to as "GE MB" or "Defendant") is a foreign company, a better denomination of which is unknown to Plaintiff at the present time, engaged in the

business of furnishing consumers with credit in the State of Alabama.

8. Defendant DURHAM & DURHAM, LLP (hereinafter referred to as "DURHAM" or "Defendant") is a foreign limited liability partnership engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" defined under Ala. Code 1975 § 8-19-3(5), engaged in the business of collecting debts in this State where DURHAM regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone.

9. Defendant CBS COLLECTION (hereinafter referred to as "CBS" or "Defendant") is a domestic company, a better denomination of which is unknown to Plaintiff at the present time, engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" defined under Ala. Code 1975 § 8-19-3(5), engaged in the business of collecting debts in this State where CBS regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone.

10. Defendant I.C. SYSTEMS (hereinafter referred to as "ICS" or "Defendant") is a foreign company, a better denomination of which is unknown to Plaintiff at the present time, engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" defined under Ala. Code 1975 § 8-19-3(5), engaged in the business of collecting debts in this State where ICS regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone.

11. Defendant EQUIFAX INFORMATION SERVICES, LLC (hereinafter referred to as "EQUIFAX" or "Defendant") is a foreign corporation licensed to do business within the State of Alabama. EQUIFAX is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

12. Plaintiff restates and reiterates herein all previous paragraphs.

13. Plaintiff filed bankruptcy and was discharged on June 7, 2007, with Defendants receiving a copy of the discharge order. The case number is 05-43170-JJR7.

14. Despite their receipt of the aforementioned court order, Defendants FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS have continued to report Plaintiff's account to one or more of the three national consumer reporting agencies (hereinafter referred to as "CRAs") as having a current balance due and payable rather than reflecting that the account was discharged in bankruptcy. More specifically:

    (a)     Defendant FIRST FRANKLIN shows a balance of $165 on EQUIFAX;

    (b)     Defendant GE MB shows a balance of $621 on EQUIFAX;

    (c)     Defendant DURHAM shows a collection balance of $217 on EQUIFAX;

    (d)     Defendant CBS shows a collection balance of $32 on EQUIFAX; and

    (e)     Defendant ICS shows a collection balance of $30 on EQUIFAX.

15. Defendants FIRST FRANKLIN, GE MB, DURHAM, CBS and ICS have intentionally and maliciously failed and/or refused to either accurately report the account as having

been discharged in bankruptcy or notify the CRAs that such account should have a zero balance as a result of being discharged in bankruptcy.

16. Plaintiff's credit reports, credit worthiness, and credit scores have been negatively impacted by the inaccurate reporting of Defendants FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS.

17. Defendants FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS have proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the jury.

18. Defendants FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS knew and know that a discharge order means Plaintiff no longer owes the debt and has no personal liability to Defendants. However, Defendants have made a corporate decision to willfully and maliciously act contrary to their knowledge in a calculated decision to violate the requirements to properly update Plaintiff's account.

19. Defendants FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS have a policy and procedure to refuse to properly update credit reports of consumers, such as Plaintiff's, who have discharged their debts. The reason is to keep false information on their credit reports. The false information consists of a balance shown as owed absent any reference to the debt being discharged in Bankruptcy.

20. Defendants FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS update numerous accounts each month with allegedly the correct information regarding the balance but have willfully and maliciously refused to do so with Plaintiff and other consumers who

are similarly situated.

21. Defendants FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS have willfully and maliciously failed to report the account as having a "0" balance as required by 16 CFR § 607(6), which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

22. Defendants FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS have promised, through their subscriber agreements or contracts with the CRAs, to update accounts that have been discharged in bankruptcy but they have willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, federal law and state law which has resulted in this information remaining on Plaintiff's credit reports.

23. Defendants FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS have a policy to "park" their accounts on at least one of the Plaintiff's credit reports. This industry-specific term refers to keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

24. In the context of parking an account, Defendants FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS have an obligation and duty under federal and state law to accurately report the balance and they willfully and maliciously refuse to do so.

25. Defendants FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS know that parking a

balance will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed. However, Defendants intentionally and maliciously intend to force Plaintiff, and others similarly situated, to pay on an account that has been discharged.

26. Plaintiff's credit reports have been accessed since the discharge and therefore the false information of Defendants has been published to third parties.

27. When the consumer pays the "parked" account, Defendants FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS claim that such payment was merely "voluntarily" or to pay off a "moral obligation." Defendants know and intend that, by willfully and maliciously parking the account on the credit report, an illegal payment can be extorted from the consumer.

28. Despite receiving disputes regarding their false reporting, Defendants FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS have intentionally and knowingly maintained their policy of keeping false and damaging information on at least one of Plaintiff's credit reports.

29. Defendants FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS have a practice of maliciously, willfully, recklessly, wantonly, and/or negligently violating, ignoring, and refusing to follow the requirements of the FCRA, FDCPA, federal and state law.

30. All actions taken by employees, agents, servants, or representatives of any type for Defendants FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

31. The actions of Defendants FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS were

malicious, wanton, reckless, intentional or willful, and performed with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the law.

32. Defendants FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports which subjects them to punitive and statutory damages, and all other appropriate measures to punish and deter similar future conduct.

33. The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA, federal law, and state law of Defendants FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS, regarding Plaintiff's alleged debt, as described herein, constitute harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer the same.

34. Defendant EQUIFAX has failed and/or refused to verify the accuracy of the information it has published and continues to publish in Plaintiff's credit reports.

35. The intentional, reckless, and willful violations of the FCRA, federal law and state law of Defendant EQUIFAX has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing her to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer the same.

## COUNT ONE
## DEFENDANTS FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, *et seq.*

36. Plaintiff restates and reiterates herein all previous paragraphs.

37. Defendants attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes. More specifically, the following actions of Defendants violated the FDCPA:

   a) Falsely attempting to collect a debt, by reporting a balance, when there is no legal right to collect the discharged debt;

   b) Taking illegal actions against Plaintiff;

   c) Refusing to properly update the account;

   d) Failing to show the account as being "disputed" by Plaintiff; and

   e) Reporting the invalid debt on Plaintiff's credit report.

38. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine debt collection business and/or in gross reckless disregard of the rights of Plaintiff.

39. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692, *et seq.*

40. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for a declaratory judgment that its conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. 1692k, civil

liability [Section 813 of Pub. Law].

## COUNT TWO
## ALL DEFENDANTS
## VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
## ALA. CODE 1975 § 8-19-3, *et seq.*

41. Plaintiff restates and reiterates herein all previous paragraphs.

42. The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

43. Said conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is prohibited, unfair, and deceptive.

44. The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collecting business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited.

45. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

46. Defendants' unfair and deceptive acts have proximately caused emotional and actual damages and Defendants are liable to Plaintiff for such injury.

## COUNT THREE
## ALL DEFENDANTS
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq.*

47. Plaintiff restates and reiterates herein all previous paragraphs.

48. In the entire course of its actions, Defendants willfully and/or negligently violated the provisions of the FCRA in the following respects:

    a) By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports;

    b) By willfully and/or negligently failing to comport with FCRA section 1681i;

    c) Defaming Plaintiff by publishing to third parties false information regarding her creditworthiness;

    d) Invading the privacy of Plaintiff; and

    e) Failing in their duty to prevent foreseeable injury to Plaintiff.

49. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting business and/or in gross reckless disregard of the rights of Plaintiff.

50. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FCRA, 15 U.S.C. § 1681, *et seq.*

51. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under the FCRA.

### COUNT FOUR
### DEFENDANTS FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS
### NEGLIGENCE

52. Plaintiff restates and reiterates herein all previous paragraphs.

53. Defendants' acts, as described herein, were done so negligently and without care or

concern for the well-being of Plaintiff.

54. Defendants' negligent acts were purposeful to illegally coerce Plaintiff into paying the alleged debt.

55. As a proximate consequence of Defendants' negligence, Plaintiff has been caused to suffer severe emotional and mental distress.

56. As a result of the Defendants' unlawful acts, Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

## COUNT FIVE
## DEFENDANTS FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS
## HARASSMENT

57. Plaintiff restates and reiterates herein all previous paragraphs.

58. Defendants' acts, as described herein, were done so intentionally, maliciously, and willfully, and without care or concern for Plaintiff's well being. Defendants' harassing collection tactics created a hostile environment for Plaintiff.

59. Defendants wrongfully exploited Plaintiff in an attempt to coerce her into paying the alleged debt.

60. Defendants' communications to Plaintiff were offensive and harassing.

61. As a proximate consequence of Defendants' harassment, Plaintiff has been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

## COUNT SIX
## DEFENDANTS FIRST FRANKLIN, GE MB, DURHAM, CBS, and ICS
## INVASION OF PRIVACY

62. Plaintiff restates and reiterates herein all previous paragraphs.

63. Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

64. As a direct and proximate consequence of Defendants' acts of invading Plaintiff's privacy, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## DECLARATORY AND INJUNCTIVE RELIEF

65. Plaintiff restates and reiterates herein all previous paragraphs.

66. A dispute exists as to whether Defendants have violated the FDCPA, FCRA, Alabama Deceptive Trade Practices Act, federal law and state law.

67. Plaintiff is entitled to injunctive relief, a declaratory judgment and a determination that Defendants violated the FDCPA, FCRA, Alabama Deceptive Trade Practices Act, federal law, and state law, and Plaintiff is similarly entitled to an order enjoining said acts.

68. As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to actual, compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

69. Defendants' actions, omissions, and violations as alleged herein constituted the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and

every Defendant, jointly and severally, by this Court for the following:

    a)     Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

    b)     Award Plaintiff actual damages;

    c)     Award Plaintiff punitive damages;

    d)     Award Plaintiff state and federal statutory damages;

    e)     Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial;

    f)     Award Plaintiff reasonable attorney's fees and costs of this litigation; and

    g)     Grant such other and further relief as this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED this ____ day of August, 2008.

    /s/ Andy Nelms
    K. ANDERSON NELMS (NEL022)
    2005 Cobbs Ford Road, Suite 301A
    Prattville, AL 36066
    Phone: (334) 351-1770
    Fax: (334) 351-1774
    andynelms@andersonnelms.com
    ASB-6972-E63K
    Counsel for Plaintiff

Anderson Nelms & Associates, LLC
2005 Cobbs Ford Road, Suite 301A
Prattville, Alabama 36066

**THE DEFENDANT(S) MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

FIRST FRANKLIN FINANCIAL
c/o The Corporation Company
2000 Interstate Park Dr  Ste 204
Montgomery, AL  36109

GENERAL ELECTRIC CAPITAL CORPORATION
c/o The Corporation Company
2000 Interstate Park Dr  Ste 204
Montgomery, AL  36109

DURHAM & DURHAM, LLP
400 Galleria Pkwy SE Ste1
Atlanta, GA 30339-5980

CBS COLLECTION
550 Greensboro Avenue
Tuscaloosa, Alabama 35401

I.C. SYSTEM, INC.
c/o The Corporation Company
2000 Interstate Park Dr  Ste 204
Montgomery, AL  36109

EQUIFAX INFORMATION SERVICES, LLC
C/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GLORIA SWAIN,<br><br>    Plaintiff,<br><br>v.<br><br>FIRST FRANKLIN FINANCIAL, a foreign company, GENERAL ELECTRIC CAPITAL CORPORATION, a foreign company d/b/a GE Money, DURHAM & DURHAM, a foreign limited liability partnership, CBS COLLECTION, a domestic company, I.C. SYSTEMS, a foreign company, and EQUIFAX INFORMATION SERVICES, LLC, a foreign limited liability corporation,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: _____<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONFLICT DISCLOSURE STATEMENT

COMES NOW Plaintiff, in the above-captioned matter, and in accordance with Rule 7.1 of the *Federal Rules of Civil Procedure*, making the following disclosure concerning parent companies, subsidiaries, partners, limited liability entity members and managers, trustees (but not trust beneficiaries), affiliates, or similar entities reportable under the provisions of the Northern District of Alabama's Local Rule 3.4:

**This party is an individual.**

RESPECTFULLY SUBMITTED, this the 26th day of August, 2008.

K. Anderson Nelms
2005 Cobbs Ford Road, Suite 301A
Prattville, Alabama 36066
(334) 351-1770        Telephone
(334) 351-1771        Fax
andynelms@andersonnelms.com
ASB-6972-E63K
Counsel for Plaintiff

OF COUNSEL:
Anderson Nelms & Associates, LLC
Sterling Bank Building, Third Floor
2005 Cobbs Ford Road, Suite 301A
Prattville, Alabama 36066